

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**DEC 1 9 2005**

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

UNITED STATES OF AMERICA,                                    **PLAINTIFF**

vs.                               **Case No. 3:98CV00362 WRW**

OAKLEY-KEESEE FORD,                                          **DEFENDANT**

**CONSOLIDATED WITH**

**ARKANSAS DEPT. OF POLLUTION**                              **PLAINTIFF**
**CONTROL AND ECOLOGY**

vs.                               **Case No. 3:98CV00363 WRW**

OAKLEY-KEESEE FORD                        **DEFENDANT**

**AND**

SIGNATURE COMBS, INC., ET AL.                     **PLAINTIFFS**

**Case No. 3:02CV00125 WRW**

OAKLEY-KEESEE FORD                        **DEFENDANT**

### CONSENT DECREE BETWEEN
### THE UNITED STATES OF AMERICA,
### THE STATE OF ARKANSAS,
### SIGNATURE COMBS, ET AL,
### AND OAKLEY-KEESEE FORD, INC.
### SOUTH 8TH STREET LANDFILL SUPERFUND SITE AND
### GURLEY PIT SUPERFUND SITE

## TABLE OF CONTENTS

I. BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV. DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V. STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI. REIMBURSEMENT OF RESPONSE COSTS AND PENALTIES . . . . . . . . . . . . . . . . . 9

VII. FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . . . . . . . . . 11

VIII. COVENANTS BY GOVERNMENT PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IX. COVENANTS BY SETTLING DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

X. COVENANT BY SIGNATURE COMBS PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . .21

XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . . . . 21

XII. RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XIII. NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

XIV. EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

XV. RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

XVI. INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . . . . . 26

XVIII. SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

XIX. FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

UNITED STATES OF AMERICA,                                      **PLAINTIFF**

vs.                                **Case No. 3:98CV00362 WRW**

**OAKLEY-KEESEE FORD,**                          .                **DEFENDANT**

**CONSOLIDATED WITH**

**ARKANSAS DEPT. OF POLLUTION**                                **PLAINTIFF**
**CONTROL AND ECOLOGY**

vs.                                **Case No. 3:98CV00363 WRW**

**OAKLEY-KEESEE FORD**                                **DEFENDANT**

**AND**

**SIGNATURE COMB, INC., ET AL.**                                **PLAINTIFFS**

**Case No. 3:02CV00125 WRW**

**OAKLEY-KEESEE FORD**                                **DEFENDANT**

## CONSENT DECREE

## I. BACKGROUND

A.  On or about September 8, 1998, the United States of America, on behalf of the

Environmental Protection Agency ("EPA") and the State of Arkansas (the "State"), on behalf of

the Arkansas Department of Environmental Quality ("ADEQ") filed complaints (J-C-98-362 and

J-C-98-363) in the United States District Court for the Eastern District of Arkansas against 29

defendants, including Oakley-Keesee Ford, Inc. ("Oakley-Keesee"), under Sections107 and

113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act,

("CERCLA"), 42 U.S.C. §§ 9607 and 9613(g)(2), for recovery of all response costs incurred or to

be incurred by the United States and the State in response to releases and threatened releases of hazardous substances from the Gurley Pit Superfund Site. Subsequently, those actions were consolidated by the Court.

B. On September 8, 1998, and November 4, 1998, certain members of the Gurley-Related Sites Group ("Group"), including certain of the 29 defendants referenced in paragraph A, filed complaints (C.A. #98-2777 and #98-2968) in the United States District Court for the Western District of Tennessee against the United States seeking a declaratory judgment and injunctive relief to prohibit the United States from requiring the Group to perform the cleanup at the South 8th Street Superfund Site. On November 30, 1998, the late Honorable Jerome Turner denied the Group's motion for a preliminary injunction.

C. Two years earlier, in March 1996 the Signature Combs Plaintiffs and EPA had entered into an Administrative Order On Consent ("AOC") for performance of the remedial design at the South 8th Street Site. All of the Group members, including Oakley-Keesee, complied with the AOC. Oakley-Keesee paid approximately $47,500 to the Group for Group costs, including the performance of the remedial design at the South 8th Street Site.

D. On November 18, 1998, EPA issued a UAO to the Group, which at the time included Oakley-Keesee, for the performance of the remedial action at the South 8th Street Site. Oakley-Keesee, as a member of the Group, contends that it agreed to comply with the UAO. Oakley-Keesee later withdrew from the Group and did not participate in further compliance with the UAO.

E. On May 6, 1999, the Signature Combs Plaintiffs amended its complaints in C.A. #98-2777 and #98-2968 to add claims against the United States and numerous private defendants,

-2-

including Oakley-Keesee, under Sections 107 and 113(f) of CERCLA, 42 U.S.C. §§ 9607, 9613(f).

F. On November 23, 1999, the United States and the State filed joint amended complaints against the same 29 defendants named in the original complaints, including Oakley-Keesee, under Sections107 and 113(g)(2) of CERCLA for recovery of all response costs incurred or to be incurred by the United States and the State at both the Gurley Pit and South 8th Street Superfund Sites. On that date, the United States and the State also filed a Notice of Lodging of a Consent Decree between the United States, the State, and more than 170 defendants who provided waste oil to the operation of William M. Gurley. Oakley-Keesee did not join the Consent Decree.

G. After a hearing, on December 19, 2000, the late Honorable Stephen M. Reasoner entered the Consent Decree leaving Oakley-Keesee as the only defendant sued by the Government Plaintiffs whose case required resolution.

H. On March 26, 2002, the United States District Court for the Western District of Tennessee, Honorable Bernice B. Donald presiding, granted the Signature Combs Plaintiffs' unopposed motion to transfer their claims against Oakley-Keesee to the United States District Court for the Eastern District of Arkansas. Those claims were captioned Signature Combs v. Oakley-Keesee, assigned to this Court, and given case No. 3:02CV00125.

I. On May 9, 2002, the Court granted the unopposed motion to consolidate the case of Signature Combs v. Oakley-Keesee with and into the consolidated cases of United States v. Oakley-Keesee, No. 3:98CV00362 and Arkansas Department of Pollution Control and Ecology v. Oakley-Keesee, No. 3:98CV00363.

J. On November 4, 2002, the United States, on behalf of the EPA, lodged with the Court a Consent Decree among the United States, the State, and Oakley-Keesee, Inc. The Consent Decree sought to resolve the claims of the United States and State against Oakley-Keesee as set forth in complaints and amended complaints filed against Oakley-Keesee for recovery of response costs incurred or to be incurred by the United States and the ADEQ in response to releases and threatened releases of hazardous substances from the Gurley Pit and South 8th Street Superfund Sites.

K. On December 12, 2002, the Signature Combs Plaintiffs submitted comments opposing entry of the Consent Decree. Subsequently, the United States and the State moved for entry of the Consent Decree.

L. On February 3 and 9, 2005, the Court, Judge William R. Wilson, Jr., presiding, held an evidentiary hearing on the governments' motion to enter the proposed Consent Decree and on the objections thereto. Closing arguments were heard by telephone conference on February 17, 2005.

M. On March 7, 2005, the Court issued an Order denying the governments' motion to enter the November 2002 Consent Decree. (Doc. 136).

N. On June 23-24, 2005, the Court, Magistrate Judge Henry L. Jones, Jr, presiding, conducted a settlement conference involving representatives of the United States, the State, Oakley-Keesee, and the Signature Combs Plaintiffs.

O. With the assistance of the Magistrate Judge, a settlement agreement set forth below has been reached among all Parties.

P. The Settling Defendant by entering into this Consent Decree does not admit any

-4-

liability to the governments or the Signature Combs Plaintiffs arising out of the transactions or occurrences alleged in the complaints and herein.

Q. The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and implementation of this Consent Decree will avoid prolonged and complicated litigation between the Parties regarding the South 8th Street Site and the Gurley Pit Site, and that this Consent Decree is fair, reasonable, and in the public interest.

R. In conjunction with the entry of this Consent Decree, the Court has agreed to issue an order vacating its Order dated March 7, 2005, in this action.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606, 9607, and 9613(b). This Court also has personal jurisdiction over the Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree applies to and is binding upon the United States, the State, the Signature Combs Plaintiffs, and upon the Settling Defendant and its successors and assigns. Any change in ownership or corporate status of the Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the Settling Defendant's obligations under this Consent Decree.

## IV. DEFINITIONS

-5-

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 et seq.

"Consent Decree" shall mean this Decree.

"Day" shall mean a calendar day unless expressly stated to be a working day. "Working day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

" ADEQ" shall mean the Arkansas Department of Environmental Quality and any successor departments or agencies of the State.

"Future Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States incurs after August 30, 2005, relating to the South 8th Street Site and the Gurley Pit Site.

"Government Plaintiffs" shall mean the United States and the State of Arkansas.

"Gurley Pit ROD" shall mean the Enforcement Decision Document signed on October 6, 1986, which addresses source control for the Gurley Pit Site.

-6-

"Gurley Pit Site" shall mean the Gurley Pit Superfund Site, located in Edmondson, Crittenden County, Arkansas.

"Interest" shall mean interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under Subchapter A of Chapter 98 of Title 26 of the U.S. Code, compounded on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

"Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper case letter.

"Parties" shall mean the United States, the State of Arkansas, the Signature Combs plaintiffs, and the Settling Defendant.

"Past Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States has incurred at or in connection with the South 8th Street Site and the Gurley Pit Site through August 30, 2005.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901 et seq. (also known as the Resource Conservation and Recovery Act).

"Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the South 8th Street Landfill Source Control Operable Unit signed on September 29, 1994, by the Regional Administrator, EPA Region 6, or his/her delegate, as amended on July 22, 1998, and all attachments thereto.

"Remedial Action" shall mean those activities undertaken to implement the ROD at the South 8th Street Site.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Oakley-Keesee Ford, Inc. for itself and as the alleged

successor to Hull Dobbs Company, formerly doing business as Hull-Dobbs Ford, and Oakley Motor Company. The term "Settling Defendant"does not include Dobbs Ford, Inc.

"Signature Combs Plaintiffs" shall mean the 45 of the parties that settled with the United States and the State under the December 2000 Consent Decree, performed the remedial action at the South 8th Street Site pursuant to the UAO issued by the EPA, and brought suit against Oakley-Keesee on May 6, 1995.

"South 8th Street Site" shall mean the South 8th Street Landfill Superfund Site, encompassing approximately 30 acres, located in West Memphis, Crittenden County, Arkansas. The South Eighth Street Site includes three disposal areas, Areas 1, 2 and 3, and is further described in the ROD.

"State" shall mean the State of Arkansas.

"State Future Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the State incurs relating to the South 8th Street Site and the Gurley Pit Site after August 30, 2005.

"State Past Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the State has incurred at or in connection with the South 8th Street Site and the Gurley Pit Site through August 30, 2005.

"UAO" shall mean the Unilateral Administrative Order, Docket No. CERCLA 06-01-99, issued by EPA in connection with the South Eighth Street Site on November 18, 1998, pursuant to section 106 of CERCLA, 42 U.S.C. § 9606.

"United States," for purposes of this Consent Decree, shall mean the United States of America, including all of its departments, agencies, and instrumentalities, which includes

-8-

without limitation EPA, the Settling Federal Agencies and any Federal Natural Resource Trustee.

"Waste Material" shall mean (1) any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14);  (2) any pollutant or contaminant under Section 101(33) of CERCLA, 42 U.S.C. § 9601(33); and (3) any "hazardous  waste" under A.C.A. § 8-7-203(6).

## V. STATEMENT OF PURPOSE

4.  By entering into this Consent Decree, the mutual objective of the Parties is to avoid expensive and prolonged litigation by allowing the Settling Defendant to make various cash payments to resolve its alleged civil liability under Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. § 9607(a)and 9613(f), for response costs incurred and to be incurred at or in connection with the Gurley Pit and South 8th Street Sites, for contribution to the Signature Combs Plaintiffs, and for penalties resulting from the Settling Defendant's alleged failure to comply with the UAO to perform the remedial action at the South 8th Street Site.

## VI. REIMBURSEMENT OF RESPONSE COSTS/ CIVIL PENALTIES

5.  Within 30 days of the effective date of this Consent Decree, the Settling Defendant shall pay the Government Plaintiffs the sum of $260,000 allocated as set forth in this Section:

a. Pay to the EPA Hazardous Substance Superfund $150,000 in reimbursement of Past and Future Response Costs, by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number __, the EPA Region, Site/Spill ID #s 06-39, 06-H8 and DOJ case number 90-11-2-196/2. Payment shall be made in accordance with instructions provided to the Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Arkansas following lodging of the Consent Decree.

Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Settling Defendant shall send notice that such payment has been made to the United States as specified in Section XII (Notices and Submissions) and to Mr. John Eagles, Regional Financial Management Officer, EPA Region 6.

b. Pay to the EPA Hazardous Substance Superfund $100,000 in payment of penalties to resolve the United States' claims under Section 106(b)(1) of CERCLA that the Settling Defendant allegedly failed to comply with the UAO to perform the remedial action at the South 8th Street Site. Payment shall be made by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number __, the EPA Region, Site/Spill ID #06-H8, and DOJ case number 90-11-2-196/2. Payment shall be made in accordance with instructions provided to the Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Arkansas following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Settling Defendant shall send notice that such payment has been made to the United States as specified in Section XII (Notices and Submissions) and to the Chief of the Cost Recovery Section, EPA Region 6.

c. Pay to the State $10,000 in the form of a certified check or checks made payable to the Arkansas Department of Environmental Quality and sent by overnight mail to: Arkansas Department of Environmental Quality, 8001 National Drive, Little Rock, AR 72209, Attn: Marcus Devine, Director, in reimbursement of State Past Response Costs and State Future Response Costs.

-10-

6. Within 30 days of the effective date of this Consent Decree, the Settling Defendant shall pay the Signature Combs Plaintiffs the sum of $300,000. Payment shall be made in the form of a certified check or checks made payable to the Signature Combs Plaintiffs and sent by overnight mail to: Gary P. Gengel, Esquire, Morgan, Lewis & Bockius, LLP, 502 Carneigie Center, Princeton, New Jersey 08540-6241.

## VII. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

7. Interest on Late Payments. In the event that the payments required by Section VI (Reimbursement of Response Costs, Penalty, or Contribution) or Section VII, Paragraph 7 (Stipulated Penalty), are not received by the United States or by the State or by the Signature Combs Plaintiffs when due, Interest shall accrue and be payable on the unpaid balance through the date of payment.

8. Stipulated Penalty.

a. If any amounts due to the United States under this Consent Decree are not paid by the required date, the Settling Defendant shall pay to EPA as a stipulated penalty, in addition to the Interest required by Paragraph 5, as follows:

| Penalty Per Day | Period of Noncompliance |
|---|---|
| $1,000 per day | 1st through 14th day |
| $3,000 per day | 15th through 30th day |
| $5,000 per day | 31st day and beyond |

b. If any amounts due to the State under this Consent Decree are not paid by the required date, the Settling Defendant shall pay to the State as a stipulated penalty, in addition to the Interest required by Paragraph 5, as follows:

-11-

| Penalty Per Day | Period of Noncompliance |
|---|---|
| $500 per day | 1st through 14th day |
| $1,000 per day | 15th through 30th day |
| $5,000 per day | 31st day and beyond |

c. Stipulated penalties are due and payable to the United States within thirty (30)

days after the date of the demand for payment of the penalties pursuant to Paragraph 6(a) by

EPA. All payments to EPA under this Paragraph shall be made by certified or cashier's check

made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

> U.S. EPA Region 6 Lockbox
> P.O. Box 360582M
> Pittsburgh, Pa. 15251

All payments to EPA shall indicate that the payment is for stipulated penalties and shall reference

the name and address of the party making payment, the EPA Region and Site Spill ID Numbers

06-39, 06-H8, USAO File Number # __, and DOJ Case Number 90-11-2-196/2. Copies of

checks paid pursuant to this Paragraph, and any accompanying transmittal letter[s], shall be sent

to EPA and DOJ as provided in Section XI (Notices and Submissions).

d. Stipulated penalties are due and payable to the State within thirty (30) days

after the date of the demand for payment of the penalties by the Office of Attorney General

pursuant to Paragraph 6(b). All payments to State under this Paragraph shall be made by

certified or cashier's check made payable to "State of Arkansas"and shall be sent to the Arkansas

Attorney General and the Arkansas Department of Environmental Quality by overnight mail to:

Arkansas Attorney General's Office, 323 Center Street, Suite 200, Little Rock, AR 72201, Attn:

Charles Moulton.

-12-

e. Penalties shall accrue as provided in this Paragraph regardless of whether EPA or the State has notified the Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

9. If the United States or the State brings an action to enforce this Consent Decree and collects any sums as a consequence of that action, the Settling Defendant shall reimburse the United States, or the State as appropriate, for all costs of such action, including but not limited to costs of attorney time.

10. Payments made under Paragraphs 6-9 shall be in addition to any other remedies or sanctions available to the Government Plaintiffs by virtue of the Settling Defendant's failure to comply with the requirements of this Consent Decree. Provided, however, that the United States shall not seek civil penalties available under CERCLA for any violation for which the United States has demanded and received from Settling Defendant a stipulated penalty in accordance with this Decree.

11. Notwithstanding any other provision of this Consent Decree, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued to the United States pursuant to this Consent Decree. In like manner, the State may waive payment of any portion of the stipulated penalties that have accrued to the State or ADEQ, pursuant to this Consent Decree.

-13-

## VIII. COVENANTS BY GOVERNMENT PLAINTIFFS

### 12. Covenant Not to Sue by United States.

Except as specifically provided in Paragraphs 13-16, the United States covenants not to sue or take administrative action against the Settling Defendant pursuant to Sections 106 or 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), or Section 7003 of RCRA, 42 U.S.C. §6973, relating to the South 8th Street Site or the Gurley Pit Site. This covenant not to sue shall take effect upon receipt by the United States and EPA of all of the payments required by Section VI, Paragraph 5 (Reimbursement of Past Response Costs and Penalties) and, if applicable, Section VII, Paragraphs 7 (Interest on Late Payments) and 8 (Stipulated Penalty for Late Payment). This covenant not to sue is conditioned upon satisfactory performance by Settling Defendant of its obligations under the Consent Decree. This covenant not to sue extends only to the Settling Defendant and does not extend to any other person.

### 13. United States' Reservations for the South 8th Street Site.

Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel the Settling Defendant (1) to perform further response actions relating to the South 8th Street Site or (2) to reimburse the United States for additional costs of response if:

        (i)     conditions at the South 8th Street Site, previously unknown to EPA, are discovered, or

        (ii)    information, previously unknown to EPA, is received, in whole or in part, and these previously unknown conditions or this information together with other relevant

-14-

information indicate that the Remedial Action is not protective of human health or the
environment.

14. United States' Reservations for the Gurley Pit Site.

Notwithstanding any other provision of this Consent Decree, the United States reserves,
and this Consent Decree is without prejudice to, the right to institute proceedings in this action or
in a new action, or to issue an administrative order seeking to compel the Settling Defendant (1)
to perform response actions relating to the Gurley Pit Site or (2) to reimburse the United States
for additional costs of response if:

> (i)     conditions at the Gurley Pit Site, previously unknown to EPA, are
> discovered, or

> (ii)    information, previously unknown to EPA, is received, in whole or in part,

and these previously unknown conditions or this information together with other relevant
information indicate that the remedial action for the Gurley Pit Site is not protective of human
health or the environment.

15. For purposes of Paragraph13, the information and the conditions known to EPA shall
include only that information and those conditions known to EPA as of the date of Certification
of Completion of the Remedial Action and set forth in the Record of Decision, the administrative
record supporting the Record of Decision, the post-ROD administrative record, or in any
information received by EPA pursuant to the requirements of this Consent Decree prior to
Certification of Completion of the Remedial Action. For purposes of Paragraph 14, the
information and the conditions known to EPA shall include only that information and those
conditions known to EPA as of the date of Closeout Report for the Gurley Pit Site and set forth

in the Gurley Pit ROD, the administrative record supporting the Gurley Pit ROD, and the post-Gurley Pit ROD administrative record.

16. General reservations of rights. The covenants set forth above do not pertain to any matters other than those expressly specified in Paragraph12. The United States reserves, and this Consent Decree is without prejudice to, all rights against the Settling Defendant, with respect to all other matters, including but not limited to, the following:

(1) claims based on a failure by the Settling Defendant to meet a requirement of this Consent Decree;

(2) liability arising from the past, present, or future disposal, release, or threat of release of Waste Materials outside of the South 8th Street Site or the Gurley Pit Site;

(3) liability for Settling Defendant's future disposal of Waste Material at the South 8th Street Site or the Gurley Pit Site, other than as provided in the ROD, the Work, or otherwise ordered by EPA;

(4) liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

(5) criminal liability.

17. Covenant Not to Sue by the State.

Except as specifically provided in Paragraphs 18-21, the State covenants not to sue or take administrative action against the Settling Defendant pursuant to Sections 106 or 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), or Section 7003 of RCRA, 42 U.S.C. §6973, the Arkansas Remedial Action Trust Fund Act, A.C.A. § 8-7-01, et. seq., the Arkansas Emergency Response Fund Act, A.C.A. § 8-7-401, et. seq., the Arkansas Hazardous Waste Management Act,

-16-

A.C.A. § 8-7-201, et. seq., and the Arkansas Solid Waste Management Act, A.C.A. § 8-6-201, et. seq. relating to the South 8th Street Site or the Gurley Pit Site. This covenant not to sue shall take effect upon receipt by the State of all of the payments required by Section VI, Paragraph 5 (Reimbursement of Past Response Costs and Penalties) and Section VII, Paragraphs 7 (Interest on Late Payments) and 8 (Stipulated Penalty for Late Payment). This covenant not to sue is conditioned upon satisfactory performance by Settling Defendant of its obligations under the Consent Decree. This covenant not to sue extends only to the Settling Defendant and does not extend to any other person.

18. The State's Reservations for the South 8th Street Site.

Notwithstanding any other provision of this Consent Decree, the State reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel the Settling Defendant (1) to perform further response actions relating to the South 8th Street Site or (2) to reimburse the State for additional costs of response if:

> (i)     conditions at the South 8th Street Site, previously unknown to the State, are discovered, or

> (ii)    information, previously unknown to the State, is received, in whole or in part,

and these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

19. The State's Reservations for the Gurley Pit Site.

-17-

Notwithstanding any other provision of this Consent Decree, the State reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel the Settling Defendant (1) to perform response actions relating to the Gurley Pit Site or (2) to reimburse the State for additional costs of response if:

> (i)     conditions at the Gurley Pit Site, previously unknown to the State, are discovered, or
>
> (ii)    information, previously unknown to the State, is received, in whole or in part,

and these previously unknown conditions or this information together with other relevant information indicate that the remedial action for the Gurley Pit Site is not protective of human health or the environment.

20. For purposes of Paragraph 18, the information and the conditions known to the State shall include only that information and those conditions known to the State as of the date of Certification of Completion of the Remedial Action and set forth in the Record of Decision, the administrative record supporting the Record of Decision, the post-ROD administrative record, or in any information received by the State pursuant to the requirements of this Consent Decree prior to Certification of Completion of the Remedial Action. For purposes of Paragraph 19, the information and the conditions known to the State shall include only that information and those conditions known to the State as of the date of Closeout Report for the Gurley Pit Site and set forth in the Gurley Pit ROD, the administrative record supporting the Gurley Pit ROD, and the post-Gurley Pit ROD administrative record.

-18-

21. General reservations of rights. The covenants set forth above do not pertain to any matters other than those expressly specified in Paragraph12. The State reserves, and this Consent Decree is without prejudice to, all rights against the Settling Defendant, with respect to all other matters, including but not limited to, the following:

(1) claims based on a failure by the Settling Defendant to meet a requirement of this Consent Decree;

(2) liability arising from the past, present, or future disposal, release, or threat of release of Waste Materials outside of the South 8th Street Site or the Gurley Pit Site;

(3) liability for future disposal of Waste Material at the South 8th Street Site or the Gurley Pit Site, other than as provided in the ROD, the Work, or otherwise ordered by EPA;

(4) liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

(5) criminal liability.

## IX. COVENANTS BY SETTLING DEFENDANT

22. Covenant Not to Sue by Settling Defendant. Subject to the reservations in Paragraph 24, the Settling Defendant hereby covenants not to sue and agrees not to assert any claims or causes of action against the United States or the State or the Signature Combs Plaintiffs with respect to the South 8th Street Site or the Gurley Pit Site, Past and Future Response Costs (as defined herein), State Past and Future Response Costs (as defined herein), or this Consent Decree, including, but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance

-19-

Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law;

  b. any claims against the United States, including any department, agency or instrumentality of the United States under CERCLA Sections 107 or 113 or RCRA Section 7003 or similar State law related to the South 8th Street Site or the Gurley Pit Site, or

  c. any claims arising out of response activities at the South 8th Street Site or the Gurley Pit Site, including claims based on EPA's or the State's selection of response actions, oversight of response activities or approval of plans for such activities of the Signature Combs Plaintiffs' performance of such activities.

23. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

24. The Settling Defendant agrees to waive, withdraw, or dismiss all claims or causes of action that it may have for costs incurred to the date of entry of this Consent Decree or that may be incurred in the future under the terms of this Consent Decree relating to the South 8th Street Site and the Gurley Pit Sites, including for contribution, against the Signature Combs Plaintiffs and all persons not parties to this Consent Decree. In the event the United States pursues enforcement under Paragraphs 13 (United States' Reservations for the South 8th Street Site), or 14 (United States' Reservations for the Gurley Pit Site), this waiver shall have no further force or effect. In the event the State pursues enforcement under Paragraphs 18 (States' Reservations for the South 8th Street Site), or 19 (States' Reservations for the Gurley Pit Site), this waiver shall have no further force or effect.

-20-

## X.  **COVENANT BY SIGNATURE COMBS PLAINTIFFS**

25.  The Signature Combs Plaintiffs covenant not to sue the Settling Defendant pursuant
to Section 113 of CERCLA, 42 U.S.C. § 9613, or any other statute or common law claim relating
to the South 8th Street Site or the Gurley Pit Site.  This covenant not to sue shall take effect upon
receipt by the Signature Combs Plaintiffs of the payments required by Section VI, Paragraph 6
(Reimbursement of Response Costs and Penalties) and Section VII, Paragraph 7 (Interest on Late
Payments).  This covenant not to sue extends only to the Settling Defendant and does not extend
to any other person.

## X.  **EFFECT OF SETTLEMENT: CONTRIBUTION PROTECTION**

26.  Nothing in this Consent Decree shall be construed to create any rights in, or grant any
cause of action to, any person not a Party to this Consent Decree.  The preceding sentence shall
not be construed to waive or nullify any rights that any person not a signatory to this decree may
have under applicable law.  Other than as provided in Paragraph 24, the Parties expressly reserve
any and all rights, defenses, claims, demands, and causes of action which the Parties may have
with respect to any matter, transaction, or occurrence relating in any way to the South 8th Street
Site or the Gurley Pit Site against any person not a Party hereto.  Nothing herein diminishes the
right of the United States, pursuant to Sections 113(f)(2) and (3) of CERCLA, 42 U.S.C. §
9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action
and to enter into settlements that give rise to contribution protection pursuant to Section
113(f)(2).

27.  The Parties agree, and by entering this Consent Decree this Court finds, that the
Settling Defendant is entitled to, as of 30 days after the effective date of this Consent Decree,

-21-

protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), for matters addressed in this Consent Decree. The "matters addressed" in this Consent Decree include any and all response actions related to the South 8th Street Site and the Gurley Pit Site and any and all response costs incurred or to be incurred by the Settling Defendant or the United States or the State or others related to the South 8th Street Site or the Gurley Pit Site, including, but not limited to, any action, suit or claim for response costs under CERCLA sections 106, 107, or 113. The "matters addressed" in this settlement do not include those response costs or response actions to which the United States or the State have reserved their rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States or the State asserts rights against the Settling Defendant coming within the scope of such reservations. It is the intent of the Parties that the Settling Defendant shall have no further liability to the Signature Combs Plaintiffs relating to the South 8th Street Site or the Gurley Pit Site after payment to the Signature Combs Plaintiffs of the amount set forth in Paragraph 6 of this Consent Decree and any Interest due pursuant to Paragraph 7..

28. The Settling Defendant also agrees that with respect to any new suit or claim for contribution brought against it for matters related to this Consent Decree they will notify in writing the United States and the State within 10 days of service of the complaint on them. In addition, the Settling Defendant shall notify the United States and the State within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

29. In any subsequent administrative or judicial proceeding initiated by the United States

or the State for injunctive relief, recovery of response costs, or other appropriate relief relating to the South 8th Street Site or the Gurley Pit Site, the Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section VIII (Covenants by Plaintiffs).

## XI. RETENTION OF RECORDS

30. Until eight years after the entry of this Consent Decree, the Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control that relate in any manner to response actions conducted and to be conducted at the South 8th Street Site or the Gurley Pit Site or to the liability of any person for response actions taken at the Sites, regardless of any corporate retention policy to the contrary.

31. At the conclusion of this document retention period, the Settling Defendant shall notify the United States and the State at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States or the State, the Settling Defendant shall deliver any such records or documents to EPA or the State. The Settling Defendant may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendant asserts such a privilege, it shall provide the Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and

-23-

recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

32. The Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not knowingly altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the South 8th Street Site or the Gurley Pit Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the South 8th Street Site or the Gurley Pit Site and that it has fully complied with any and all EPA requests for information pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. § 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XII. NOTICES AND SUBMISSIONS

33. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing, and shall be sent by overnight delivery or by facsimile. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, the State, and the Settling Defendant, respectively.

-24-

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044

As to EPA:

Chief, Cost Recovery Section
U.S. Environmental Protection Agency, Region 6
1445 Ross Avenue
Dallas, TX 75202-2733

As to the State of Arkansas

Marcus Devine, Director
Arkansas Department of Environmental Quality
8001 National Drive
Little Rock, AR 72209

Charles Moulton
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201

As to the Signature Combs Plaintiffs:

Gary P. Gengel, Esquire
Morgan, Lewis & Bockius, LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241

Michael R. Dillon, Esquire
Morgan, lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2921

As to the Settling Defendant:

-25-

Michael F. Rafferty, Esq.
Harris, Shelton, Hanover & Walsh, P.L.L.C.
One Commerce Square, Suite 2700
Memphis, Tennessee 38103-2555

## XIII. EFFECTIVE DATE

34. The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

## XIV. RETENTION OF JURISDICTION

35. This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV. INTEGRATION

36. This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to this Consent Decree other than those expressly contained in this Consent Decree.

## XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

37. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. The United States shall notify the Settling Defendant in writing should it decide to withdraw or withhold its consent to the entry of this Consent Decree. The Settling Defendant consents to the entry of this Consent Decree without further notice.

-26-

## XVII. SIGNATORIES/SERVICE

38. Each undersigned representative of the Settling Defendant to this Consent Decree, the Assistant Attorney General for Environment and Natural Resources of the Department of Justice, the Attorney General of the State of Arkansas, the Director of the Arkansas Department of Environmental Quality, and the Signature Combs Plaintiffs certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

39. The Settling Defendant and the Signature Combs Plaintiffs hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendant and the Signature Combs Plaintiffs in writing that it no longer supports entry of the Consent Decree.

40. The Settling Defendant shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. The Settling Defendant hereby agrees to accept service in that manner and to waive he formal service requirements set forth in Rule 4 or the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

## XVIII. **FINAL JUDGMENT**

41. Upon approval and entry of this Consent Decree by the Court, this Consent Decree

shall constitute a final judgment between and among the United States, the State, the Settling

Defendant, and the Signature Combs Plaintiffs. The Court finds that there is not just reason for

delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P.54 and 58.

IT IS SO ORDERED this 16th day of December 2005.

UNITED STATES DISTRICT JUDGE
William R. Wilson, Jr.

-28-

THE UNDERSIGNED PARTIES enter into this Consent Decree relating to the South 8th Street Landfill Superfund Site and the Gurley Pit Superfund Site.

### FOR THE UNITED STATES OF AMERICA

Date: 9/21/05

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources
 Division
U.S. Department of Justice
Washington, D.C.  20530

RICHARD M. GLADSTEIN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources
 Division
U.S. Department of Justice
Washington, D.C.  20530

-29-

**FOR THE UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY**


SAMUEL COLEMAN, P.E.
Director, Superfund Division
U.S. Environmental Protection Agency
Region 6
1445 Ross Avenue
Dallas, TX 75202-2733

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the South 8th Street Landfill Superfund Site and the Gurley Pit Superfund Site.

**FOR THE ARKANSAS DEPARTMENT OF ENVIRONMENTAL QUALITY**

Date: 9/29/05

CHARLES MOULTON
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201

MARCUS DEVINE
Arkansas Department of Environmental Quality
8001 National Drive
Little Rock, AR 72209

-31-

THE UNDERSIGNED PARTIES enters into this Consent Decree in the
relating to the South 8th Street Landfill Superfund Site and the Gurley Pit Superfund Site.

**FOR THE SIGNATURE COMBS PLAINTIFFS**

Date: 9/26/05

GARY P. GENGEL
Morgan, Lewis & Bockius, LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241


MICHAEL R. DILLON
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2921

32

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the South 8th Street Landfill Superfund Site and the Gurley Pit Superfund Site.

**FOR OAKLEY-KEESEE FORD, INC**

Date: 9/13/05

THOMAS M. KEESEE, JR.
President
510 Mendenhall Road, Suite 300
Memphis, TN 38117

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:        MICHAEL F. RAFFERTY
Title:         Counsel of Record
Address:     One Commerce Square, Suite 2700
Tel. Number: Memphis, TN  38103-2555